UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Patricia A. L., | Civ. No. 19-1769 (BRT) |
| Plaintiff, | |
| v. | |
| Andrew Saul,<br>Commissioner of Social Security, | **ORDER** |
| Defendant. | |

Edward C. Olson, Esq., Attorney at Law; and Karl E. Osterhout, Esq., Hannalore B. Merritt, Esq., Osterhout Disability Law, LLC, counsel for Plaintiff.

Andrew Tweeten, Esq., United States Attorney's Office; Linda H. Green, Esq., Social Security Administration, counsel for Defendant.

BECKY R. THORSON, United States Magistrate Judge.

On July 3, 2019, Plaintiff sought judicial review of the denial of her application for social security disability benefits. (Doc. No. 1.) On September 10, 2020, the Court granted in part Plaintiff's Motion for Summary Judgment, denied Defendant's Motion for Summary Judgment, and ordered this case remanded pursuant to 42 U.S.C. § 405(g) (sentence four) for further proceedings consistent with the September 10, 2020 Order. (Doc. No. 28, 9/10/20 Order.) Now before the Court is Plaintiff's Counsel's Petition for Attorney Fees under the Equal Access to Justice Act. (Doc. No. 32, Pl.'s Pet.) Plaintiff's counsel requests compensation in the amount of $12,236.40. (*Id.*) For the reasons set forth below, the motion is granted in part.

## DISCUSSION

A.   **Equal Access to Justice Act Requirements**

Under the EAJA, a prevailing party in an action for judicial review of agency action is entitled to an award of fees and expenses, unless the court finds that the position of the United States was substantially justified. 28 U.S.C. § 2412(d)(1)(A). Fees awarded pursuant to the EAJA must be reasonable. *Dini v. Astrue*, No. 08-5852 (DSD/JJG), 2010 WL 153681, at *3 (D. Minn. Jan. 11, 2010) ("[F]ees and other expenses includes . . . reasonable attorney fees . . . based on prevailing market rates for the kind and quality of the services furnished . . . ") (quoting 28 U.S.C. § 2412(d)(2)(A)) (internal quotations omitted).

To receive a fee award under the EAJA, the applicant must "submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection." 28 U.S.C. § 2412(d)(1)(B). A party who obtains a sentence-four remand, such as Plaintiff, qualifies as a "prevailing party" under the EAJA. *See McGrath v. Astrue*, Civil No. 10–4192 (ADM/SER), 2012 WL 4898276, at *2 (D. Minn. Oct. 1, 2012) (citing *Shalala v. Schaefer*, 509 U.S. 292, 300–01 (1993)). An applicant is "eligible to receive" an EAJA award if his or her net worth did not exceed $2,000,000 at the time the civil action was filed. *See S.E.C. v. Zahreas*, 374 F.3d 624, 630 (8th Cir. 2004). The application must state "the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which

fees and other expenses were computed" and "allege that the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(B).

Defendant does not object to Plaintiff's attorney receiving EAJA fees, but to the amount requested. (Doc. No. 36, Def.'s Opp'n to Pl.'s Counsel's Mot. for Att'y's Fees ("Def.'s Opp'n") 2–6.) Thus, Defendant concedes that its position in this litigation was not substantially justified. *See, e.g.*, *Theis v. Astrue*, 828 F. Supp. 2d 1006, 1008 (E.D. Ark. 2011) (noting that "the Commissioner concedes that the plaintiff is entitled to an award of attorney's fees pursuant to the Act," and then foregoing a discussion of the standard for substantial justification). Further, Defendant does not object to applying the proposed hourly rate of $206.00 per hour[1] for Plaintiff's counsel. But Defendant does object to any amount requested over thirty-five hours asserting that any amount over that is unreasonable. (Def.'s Opp'n 5–6.) Defendant generally contends that "nothing about the facts and issues in this matter support a deviation from the average EAJA award, which is 20-40 hours," and that the issues addressed in Plaintiff's brief were not novel or complex (*Id.* at 3–4.) Defendant also takes issue with Plaintiff's records asserting the amount allocated for briefing and reviewing the record were unreasonable because counsel did not provide detail about how he used this time. (*Id.* at 4.)

---

[1] The Court agrees, and Defendant does not dispute, that this amount was reasonably calculated based on the Bureau of Labor Statistics Consumer Price Index ("CPI"). (*See* Doc. No. 32, Pl.'s Pet. 2); *Hickey v. Secretary of HHS*, 923 F.2d 585, 586 (8th Cir. 1991) (stating that the CPI "constitutes 'proper proof' of the increased cost of living since the EAJA's enactment and justifies" an increased attorney's fees award) (quoting *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990)).

3

## B. Plaintiff's Counsel is Entitled to an EAJA Award

Plaintiff's counsel requests an award for 59.4 total hours of work performed by her attorneys at a rate of $206.00 per hour, for a total amount requested of $12,236.40. (*See* Doc. No. 32, Pl.'s Pet. 3; *see also* Doc. No. 33-1, Exhibit.) The Court notes that awards for even over 75 hours' worth of work are not unheard of. *See Vaughn v. Heckler*, 860 F.2d 295, 296 (8th Cir. 1988) (awarding 77 hours); *see also Gaul v. Colvin*, No. 13-163 (JNE/FLN), 2014 WL 4096972, at*2 (D. Minn. Aug. 19, 2014) (awarding 75.2 hours); *Vossen v. Astrue*, No. 07-1567, Doc. No. 58 at *2 (D. Minn. Mar. 15, 2011) (awarding 88.75 hours), adopted by 2011 WL 1322099 (D. Minn. Apr. 7, 2011); *Aston v. Sec'y of Health and Human Servs.*, 808 F.2d 9, 11–12 (2d Cir. 1986) (awarding 200 hours).

Here, the Court has reviewed the itemized time records for the work performed in this case and finds that the hours billed, and the legal work performed, are not entirely excessive or unreasonable. The administrative record in this case is approximately 1,800 pages, which takes a significant amount of time to review and analyze. Defendant criticizes Plaintiff's counsel's hours billed for reviewing the record, stating that he "offers no detail about how he used this time." (Def.'s Opp'n 4.) This Court has reviewed many administrative records of this sort and is unsure exactly what more detail Defendant wishes Plaintiff's counsel to provide when, in fact, what Defendant's counsel are doing *is* reviewing the record. With that said, however, this same counsel, in a case involving similarly complex issues and a relatively similar-sized record, offered to reduce the total amount requested (58.8 total hours of work performed by her attorneys at a rate of $206.00 per hour) by 10% in an exercise of billing discretion. *See Harmony J. v. Saul*,

4

Case No. 19-2380, Doc. No. 27 (D. Minn. Oct. 26, 2020). Therefore, the Court finds it reasonable for Plaintiff's request to be reduced by 10% here. Accordingly, Plaintiff's motion is granted in part, and the Court awards Plaintiff a total EAJA award in the amount of $11,012.76.

## ORDER

Based on the foregoing, and all the files, records, and submissions herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's Counsel's Petition for Attorney Fees under the Equal Access to Justice Act (Doc. No. 32) is **GRANTED IN PART**;

2. Plaintiff is awarded a total EAJA award in the amount of $11,012.76—less any pre-existing debt that Plaintiff owes the United States.


Date: March 3, 2021

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge